# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Automated Telemarketing Services, Inc., | Civil No. 09-1308 (DWF/FLN) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Aspect Software, Inc., | |
| Defendant. | |

Dawn C. Van Tassel, Esq., and Justin H. Perl, Esq., Maslon Edelman Borman & Brand, LLP, counsel for Plaintiff.

Shepard Davidson, Esq., and Andrea L. Martin, Esq., Burns & Levinson, LLP, and David M. Aafedt, Esq., and Erin A. Oglesbay, Esq., Winthrop & Weinstine, PA, counsel for Defendant.

---

This matter is before the Court on Defendant Aspect Software, Inc.'s motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Count Three of the Complaint brought by Plaintiff Automated Telemarketing Services, Inc.[1] Count Three of the Complaint alleges Defendant violated Minn. Stat. § 325E.37 by terminating a Sales Representative Agreement ("SRA") outside the time periods provided by the statute.

Defendant argues that the SRA provides it is governed by Georgia law and, therefore, that the Minnesota statute at issue in Count Three does not apply. Defendant cites *Hagstrom v. American Circuit Breaker Corp.*, 518 N.W.2d 46 (Minn. Ct. App.

---

[1] The Court ruled from the bench in this matter and this written order memorializes the Court's ruling.

1994), in which the Minnesota Court of Appeals held Minn. Stat. § 325E.37 was inapplicable to a contract with a choice-of-law provision stating that North Carolina law governed the agreement. 518 N.W.2d at 49. Plaintiff counters that the *Hagstrom* decision was predicated on a finding that the selection of the choice-of-law provision was not made in bad faith or with an intent to evade Minnesota law. *Id.* The Plaintiff urges that dismissal is not warranted because it is unknown at this time whether bad faith or an intent to evade Minnesota law was behind the selection of Georgia law to govern the SRA. Plaintiff urges the Court not to dismiss Count Three, but to allow it to engage in discovery on this issue, on the ground that this matter is more appropriately suited for a summary judgment proceeding rather than a motion to dismiss.

Plaintiff's Complaint, however, does not contain any allegation suggesting that ill motives were at work when the Georgia choice-of-law provision was selected. The Court concludes that Count Three should be dismissed without prejudice and the order stayed for thirty (30) days to allow Plaintiff time to amend its Complaint, should it choose to do so, to allege facts supporting this count.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant Aspect Software, Inc.'s Motion to Dismiss Count Three of the Complaint (Doc. No. 5) is **GRANTED**.

2. Count Three of the Complaint (Doc. No. 1, Attachment 1) is **DISMISSED WITHOUT PREJUDICE.**

3. This Order shall be **STAYED** for thirty (30) days from July 31, 2009, in order to permit Plaintiff Automated Telemarketing Services, Inc. to amend its Complaint.

Dated: August 10, 2009            s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  United States District Judge