# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Automated Telmarketing Services, Inc.,      Civil No. 09-1308 (DWF/FLN)

    Plaintiff,

v.      **ORDER AND MEMORANDUM**

Aspect Software, Inc.,

    Defendant.

---

Dawn C. Van Tassel, Esq., and Justin H. Perl, Esq., Maslon Edelman Borman & Brand, LLP, counsel for Plaintiff.

Andrea L. Martin, Esq., and Shepard Davidson, Esq., Burns & Levinson LLP; and David M. Aafedt, Esq., and Erin A. Oglesbay, Esq., Winthrop & Weinstine, PA, counsel for Defendant Aspect Software, Inc.

---

This matter is before the Court upon Plaintiff Automated Telemarketing Services, Inc.'s ("Plaintiff") appeal of Magistrate Judge Franklin L. Noel's April 21, 2010 Order. (Doc. No. [67].) Defendant Aspect Software, Inc. has filed a memorandum in opposition to Plaintiff's appeal. (Doc. No. [69].) The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.1(b)(2). This is an "extremely deferential standard." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite

and firm conviction that a mistake has been committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). The Court denies Plaintiff's appeal and affirms Magistrate Judge Noel's April 21, 2010 Order in all respects.

It should also be noted that the Defendant has moved the Court for sanctions against the Plaintiff for bringing their motion to amend the complaint in light of this Court's prior rulings.

The Court finds that Magistrate Judge Noel's Order is neither clearly erroneous nor contrary to law.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Franklin L. Noel's April 21, 2010 Order (Doc. No. [65]) is **AFFIRMED.**

2. The Court reserves at this time ruling on Defendant's Motion for Sanctions pending resolution of the case for the reasons set forth below.


Dated: July 6, 2010           s/Donovan W. Frank
                              DONOVAN W. FRANK
                              United States District Judge


**MEMORANDUM**

On April 21, 2010, as the parties are aware, Magistrate Judge Noel ruled that, to the extent that Plaintiff sought to amend its First Amended Complaint to include a

violation of Georgia law, good cause did not exist to explain Plaintiff's failure to amend the complaint under Georgia law before the September 4, 2009 deadline to amend pleadings. Magistrate Judge Noel also observed, appropriately, that section 8.4 of the Sales Representative Agreement ("SRA") that is before this Court expressly states that "[t]his Agreement shall be construed according to the laws of the State of Georgia."

What Magistrate Judge Noel did not state in his Order is that this Court, on August 10, 2009, citing *Hagstrom v. American Circuit Breaker Corp.*, 518 N.W.2d 46 (Minn. Ct. App. 1994), noted that Plaintiff's complaint did not contain any allegations suggesting that ill motives were at work when the Georgia choice of law provision was selected. The Court then gave the Plaintiff time to amend its complaint to allege facts supporting Count Three. Plaintiff then filed its First Amended Complaint alleging, in Count Three, that Defendant violated Minnesota Statute section 325E.37 by terminating the SRA outside of the time periods provided by the statute. The Defendant then moved again to dismiss Count Three, asserting that the First Amended Complaint was devoid of any facts that suggested any ill motive in selecting Georgia law. This Court then ruled in its Memorandum Opinion and Order of December 17, 2009, that Plaintiff must plead facts that show that the Georgia choice of law provision that currently governs the SRA was selected in bad faith with the intent to evade Minnesota law. The Court concluded, at that time, that the allegations in the complaint with respect to Count Three were conclusory in nature and not otherwise supported by any alleged facts. In doing so, the Court dismissed Count Three of Plaintiff's First Amended Complaint. It should also be noted that at that

time the Defendant brought its first motion for sanctions, alleging that Plaintiff had violated Rule 11 by continuing to oppose dismissal of Count Three of the First Amended Complaint despite knowing that the claims, defense, and other legal contentions were not supported by existing law. The Court, at that time, declined to award any sanctions.

Given the procedural history of the case and the terms of the SRA, the Court respectfully rejects the notion that the first notice the Plaintiff had that Georgia law applied and that there may be a separate action under Georgia law was at the time of the deposition of Michael Provenceno, Plaintiff's Chief Financial Officer, which took place on February 5, 2010. Consequently, the Court, even if the standard of review was *de novo*, would reach the same result as Magistrate Judge Noel did in concluding that Plaintiff has not demonstrated good cause for its failure to amend the complaint to assert a claim under Georgia law before the September 4, 2009 deadline to amend pleadings.

**Sanction Issue**

While the Court is inclined to award sanctions against Plaintiff in the form of reasonable attorney fees and costs for defending the motion in front of Magistrate Judge Noel and for the attorney fees and costs associated with the appeal before this Court, it will reserve doing so until it evaluates the conduct of the parties in the context of the entire case and the procedural history of the case once it is completed.

For the reasons stated, the Court has affirmed Magistrate Judge Franklin L. Noel's Order of April 21, 2010, in all respects.

D.W.F.