UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Automated Telemarketing Services, Inc.,          Civil No. 09-1308 (DWF/FLN)

        Plaintiff,

v.                                                                    **ORDER**

Aspect Software, Inc.,

        Defendant.

_____

Dawn C. Van Tassel, Esq., and Justin H. Perl, Esq., Maslon Edelman Borman & Brand, LLP, counsel for Plaintiff.

Andrea L. Martin, Esq., and Shepard Davidson, Esq., Burns & Levinson LLP; and David M. Aafedt, Esq., and Erin A. Oglesbay, Esq., Winthrop & Weinstine, PA, counsel for Defendant.

_____

This matter is before the Court on motions *in limine* brought by Plaintiff Automated Telemarketing Services, Inc. ("ATS"), and Defendant Aspect Software, Inc. ("Aspect"). Based upon the memoranda, pleadings, and arguments of counsel, and the Court having reviewed the contents of the file in this matter and being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

        1.       ATS's motion *in limine* to exclude from evidence any information or purported damages calculations that are inconsistent with or attempt to alter the

information that Aspect provided to ATS prior to the close of discovery (Doc. No. [115]) is **GRANTED**. This information or purported damage calculations that are inconsistent with or attempt to alter the information that Aspect provided to ATS prior to the close of discovery shall be presumptively inadmissible subject to the right of Aspect to make an offer of proof.

2. ATS's motion *in limine* to exclude evidence of any reference to the fact that ATS's President and Owner, Curtis Marks, owns another company and any reference to the compensation he received from that company and from ATS (Doc. No. [115]) is **DENIED IN PART AS MOOT**. Aspect has represented that it has no intention of introducing evidence regarding the salary Marks has drawn from companies other than ATS. Accordingly, that evidentiary issue is moot. The Court will take up specific evidentiary issues concerning evidence of Marks' salary from ATS when and if Aspect attempts to introduce it at trial.

3. ATS's motion *in limine* to exclude from evidence at trial any reference by Aspect about any interpretation of contractual language that was not negotiated by an Aspect representative or employee, including without limitation the interpretation of any clause in the 2003 Sales Representative Agreement that was not subsequently amended, is **DENIED IN PART AS MOOT**. Aspect has indicated that it has no intention of introducing evidence of what it might know about the negotiation of the original, unamended SRA and/or what Melita International might have understood it to mean. In

addition, Aspect has indicated that it does not intend to introduce any lay opinion evidence as to the negotiations of the original, unamended SRA. Accordingly, that evidentiary issue is moot.

Aspect does however assert that after-the-fact understanding of the terms of the SRA by one or more individuals employed by Aspect could be relevant to such individual's state of mind, provide context for the person's actions, or be relevant for some other unanticipated reason. The Court will take up specific evidentiary issues concerning any such evidence at trial.

4. ATS's motions *in limine* to exclude evidence of the identity, sales figures, quotas, and terminations of other terminated sales representatives; to exclude references to the bankruptcy of Melita International or Aspect's purchase of Melita out of bankruptcy; and to exclude evidence of withdrawn or dismissed claims (Doc. No. [115]) are **DENIED AS MOOT**. Defendant has represented that it has no intention of introducing such evidence.

6. Aspect's motion *in limine* to exclude evidence related to alleged unpaid commissions unless they are related to contracts signed on or before October 16, 2006 (Doc. No. [137]) is **DENIED**. The ninety-day wind-down period in Section 5.3 of the SRA applies when the SRA is terminated or when the SRA is not renewed at the conclusion of the Initial Term. If the jury concludes that Aspect terminated, as opposed to failed to renew, the SRA, then evidence related to alleged unpaid commissions for

sales contracts entered into during the ninety-day period following termination will be relevant.

7. Aspect's motion *in limine* to preclude ATS's expert, Arthur Cobb, from testifying as to any matter outside the scope of his expert report (Doc. No. [143]) is **GRANTED** in substantial part. In the event that Arthur Cobb seeks to testify on subjects such as the methodology, analysis and basis for the opinions in his report and these subjects were covered on direct and cross-examination during the deposition of Arthur Cobb, the Court will accept an offer of proof from ATS prior to the admissibility of such testimony. The Court reserves the right to rule separately on the issue of any supplemental report submitted after the pretrial in this matter. The issue of a supplemental report will also be addressed by the Court by way of an offer of proof prior to the introduction of any matters contained in any supplemental report.

8. Aspect's motion *in limine* to preclude ATS from pursuing a wrongful termination claim (Doc. No. [133]) is **GRANTED**. ATS bases its wrongful termination claim on a Georgia law that provides that the termination of a contract by one party requires reasonable notice. *See* Ga. Code § 11-2-309(3). The Court previously addressed this claim in its November 15, 2010 Order. (Doc. No. 108 at 7-8.) The parties have since advised the Court, however, that § 11-2-309(3) is part of Georgia's codification of UCC Article 2, which applies only to contracts for the sale of goods. *See* §§ 11-2-102 and 11-2-309. Because the relevant SRA is not a contract for the sale of goods, § 11-2-309

does not apply.  The Court respectfully declines to apply § 11-2-309 to the parties' non-sales contract.  The cases cited by ATS in support of its argument that Georgia's statutory provision for reasonable notice is applicable to Aspect's termination of the SRA are not binding and do not provide a clear basis for such application.

9. Aspect's motion *in limine* to preclude ATS from pursuing its tortious interference claim at trial and/or presenting any evidence of damages related thereto (Doc No. [129]) is **DENIED**

Dated:  February 18, 2011             s/Donovan W. Frank
                                      DONOVAN W. FRANK
                                      United States District Judge